# United States District Court
for the
## Southern District of New York
### Related Case Statement

___

**Full Caption of Later Filed Case:**

YEHUDA GUTTMAN

| Plaintiff | Case Number |
|---|---|
| vs. | 15-CV-09084 |
| VISA, INC., MASTERCARD, INC. AMERICAN EXPRESS CREDIT CORPORATION, J.P. MORGAN CHASE & CO., PAYSAFECARD.COM USA, INC.; VANTIV, INC., FANDUEL, INC. AND DRAFTKINGS, INC. | |
| Defendant | |

**Full Caption of Earlier Filed Case:**

(including in bankruptcy appeals the relevant adversary proceeding)

AISSA KHIRANI

| Plaintiff | Case Number |
|---|---|
| vs. | 15-CV-08193 (SAS) |
| DRAFTKINGS, INC. | |
| Defendant | |

Status of Earlier Filed Case:

☐ Closed  (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open  (If so, set forth procedural status and summarize any court rulings.)

The earlier filed case is in the initial stages. Defendants have not answered and discovery has not commenced.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

In considering whether a case is related, Local Rule 13 sets forth that a judge will consider a) whether the actions concern the same or substantially similar parties, property, tractions or events; b) there is substantial factual overlap; c) the parties could be subejcted to conflicting orders and d) whether absent a determination of relatedness there would be a substntial duplication of effort and expese, delay or undue burden on the Court, parties or witnesses.

The most recently filed case concerns the same or substantially similar parties. Each case involves FanDuel, Inc. and DraftKings, Inc. as a defendant and the causes of action arise from their conduct in an illegal online gambling scheme. The actions concern substantially similar events and there is substantial factual overlap. Plaintiffs, and the proposed classes they represent, are individuals who have utilized FanDuel and DraftKings' websites for online sports betting. The cases involve similar questions of fact and law, including but not limited to: whether Plaintiffs and members of the class entered into contracts with the defendants, whether such contracts are per se void pursuant to New York law, whether plaintiffs paid money in consideration for the contracts, whether the online gambling scheme operated by defendants is a game of chance, whether FanDuel and DraftKings employees used non-public data to gain an unfair advantage, whether the defendants made material misrepresentations, and whether plaintiffs are entitled to restitution.

The actions seek damages in the form of restitution on several legal theories, including those that stem from the contracts being void as a matter of law. Because of the substnatial overlap in facts and questions of law, the parties could be subjected to conflicting orders if they are not assigned to the same judge and deemed related. Discovery has not commenced in any of the cases.

On October 19, 2015, Plaintiff in the earlier action, Aissa Khirani, filed a motion before the Judicial Panel on Multidistrict Litigation (MDL No. 2678 In RE: DraftKings, Inc. Fantasy Sports Litigation and MDL No. 2679 In RE: FanDuel, Inc., Fantasy Sports Litigation). Plaintiff requested that all cases involving similar facts or claims be transferred to the Southern District of New York.

Signature: **Brittany Weiner**          Date: 11/19/2015

Firm: Imbesi Law PC